IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBEN RUBIO, JR. | § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § § § § | CAUSE NO.: |
| ESTAFETA USA, INC.; MENSAJERIA METROPOLITAN S.A. DE C.V.; AND JOSE RIOS NAVEJAR | § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | | |

**DEFENDANTS' MENSJERIA METROPOLITAN S.A. DE C.V. AND JOSE RIOS NAVEJAR'S NOTICE OF REMOVAL**

Defendants, ESTAFETA, USA, INC., MENSAJERIA METROPOLITAN, S.A. DE C.V. AND JOSE RIOS NAVEJAR file this Notice of Removal under 28 U.S.C. § 1446(a).

## INTRODUCTION

1. Plaintiff is Ruben Rubio, Jr, an individual who resides and is domiciled in Webb County, Texas. *See* Exhibit "A."

2. Defendant Mensajeria Metropolitan S.A. de C.V., doing business as "Estafeta" (hereinafter "Mensajeria"), is a foreign company with its principal place of business in Mexico. *See* Exhibit "A."

3. Defendant Jose Rios Navejar (herein after "Rios") is an individual who is resides and is domiciled in Mexico. See Exhibit "A."

4. Fraudulently joined Defendant Estafeta USA, Inc. a company incorporated in the State of Texas, with its principal place of business at 448 Garden Oaks Boulevard, Houston, Texas 77018.

Defendants will respectfully show that Estafeta USA, Inc. was fraudulently joined in this suit to attempt to defeat diversity of citizenship, despite having no ability to recover against the Texas entity.

5. On June 16, 2022, Plaintiff filed suit against Defendants Mensajeria Metropolitan S.A. de C.V., Jose Rios Navejar, and Estafeta USA, Inc. in the 406th Judicial Court, Webb County, Texas. Plaintiff improperly sued Defendant Estafeta USA, Inc. in an attempt to destroy diversity and prevent removal of this action to federal court. *See* Exhibit "A." Shown by competent evidence below, Defendant Estafeta USA, Inc. is not a proper party to this lawsuit and should be ***ignored*** for diversity purposes.

6. Defendant "Estafeta USA, Inc." is domestic company with its principal place of business in Texas. However, Defendant "Mensajeria Metropolitan S.A. de C.V.", doing business as "Estafeta" is a foreign company with its principal place of business in Mexico. Defendant would show that Plaintiff improperly added "Estafeta USA, Inc.", the Texas company, as Defendant in this suit for the purposes of destroying diversity of citizenship and preventing this action from being removed to federal court.

7. Defendant Rios was not working for the Texas company at the time of the collision in question. Instead, Defendant Rios was employed by "Mensajeria Metropolitan S.A. de C.V.," the Mexican company, at the time of the accident.

8. Defendants timely file this Notice of Removal within 30 days of actual receipt of Plaintiff's Original Petition.

9. Defendants are not required to obtain consent from Plaintiff because it should be disregarded based on fraudulent joinder. *Jerrigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

10. In accordance with the Federal Rules of Civil Procedure and Local Rules for the Southern District of Texas, the following documents are being filed contemporaneously with this Notice of Removal:

>Exhibit B: Copies of all state court pleadings; and

>Exhibit C: List of all counsel, with addresses and telephone numbers.

## BASIS OF REMOVAL

11. Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Plaintiff is a citizen and resident of Texas. *See* Exhibit "A." Defendant Mensajeria Metropolitan S.A. de C.V. has its principal place of business located in Mexico City, Mexico. *See* Exhibit "A." Defendant Rios is a resident of Mexico. *See* Exhibit "D."

12. Plaintiff's Original Petition alleges at paragraph 29: "Plaintiff seeks monetary relief over $1,000,000.00," satisfying the amount in controversy requirement.

13. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

14. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

15. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit is pending.

## IMPROPER JOINDER

16. To establish fraudulent or improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d

3

644, 647 (5th Cir. 2003).

17. First, Plaintiff's Petition contains actual fraud in the pleadings of jurisdictional facts. The pleadings incorrectly state Defendant Rios was an employee of Estafeta USA, Inc. and Mensajeria at the time of the incident. However, Defendant Rios is not an employee of Estafeta USA, Inc.; rather, Rios is exclusively employed by Mensajeria Metropolitan S.A. de C.V., doing business as "Estafeta," as shown in his employment file. *See* Exhibit "D." Therefore, Plaintiff's Petition contains actual fraud in the pleadings, as Rios is not employed by any company based in Texas.

18. Under the second prong articulated by *Travis*, the standard is whether the defendant has demonstrated there is no reasonable basis to predict the plaintiff might be able to recover against the in-state defendant. 326 F.3d at 647. "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery in state court, . . . the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

19. "[T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under [FRCP] 12(b)(6)." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)).

20. "[T]he focus of inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004). The court must determine whether plaintiff has set forth "specific actionable conduct" to support his claim against the non-diverse defendant. *Griggs*, 181 F.3d at 700. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the *factual fit* between the plaintiff's allegations and the pleaded theory of recovery." *Id*. at 701 (emphasis added). "To survive a Rule

12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) *cert. denied*, ---U.S.---, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

21. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The "mere hypothetical possibility that such an action could exist" is insufficient to establish a state law cause of action. *Id.*; see *Campbell*, 509 F.3d at 669. Plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

22. Defendants have demonstrated there is no reasonable basis to predict Plaintiff might be able to recover against this Defendant Estafeta USA, Inc. by providing evidence Plaintiff has sued the wrong entity and has no cause of action against the Texas based company.

23. Defendant respectfully submits Plaintiff improperly joined the Texas based company, in addition to the proper the Mexican based company, for the purpose of destroying diversity.

**CONCLUSION**

24. Complete diversity exists between Plaintiff, a resident of Texas, Defendants Mensajeria Metropolitan S.A. de C.V., a company incorporated in and with its principal place of business in Mexico, and Defendant Rios, a resident of Mexico. The amount in controversy exceeds $75,000.00. For these reasons, Defendants ask the Court to remove this lawsuit to the United States District Court for the Southern District of Texas – Laredo Division.

Respectfully submitted,

**DONATO BROWN POOL & MOEHLMANN**

By: */s/ Chaz D. Klaes*
Chaz D. Klaes
State Bar No.: 24083312
S.D. Texas Federal ID No.: 1760067
Andrew K. Rodriguez
State Bar No.: 24116979
S.D. Texas Federal ID No.: 3686547
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Telephone: (713) 877-1112
Facsimile: (713) 877-1138
E-mail: cklaes@donatobrown.com
arodriguez@donatobrown.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 10th day of August 2022, a true and correct copy of the above and foregoing has been served by:

☐ certified mail, return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission; ☒ electronic transmission on the following counsel:

*Counsel for Plaintiff*
Justin P. Green
The Patel Firm, PLLC
400 Mann Street, Suite 110
Corpus Christi, Texas 78401
T: (361) 400-2036
F: (361) 756-0737
justin@thepatelfirm.com

*/s/ Chaz D. Klaes*
Chaz Klaes

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBEN RUBIO, JR. | § § § § | |
| *Plaintiff,* | § § § | |
| vs. | § § § § § § § | CAUSE NO.: |
| ESTAFETA, USA, INC.; MENSAJERIA METROPOLITAN S.A. DE C.V.; AND JOSE RIOS NAVEJAR | § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | | |

**INDEX OF MATTERS TO BE FILED**

1. Plaintiff's Original Petition and Jury Demand, see Exhibit "A."

2. A copy of all state court pleadings, see Exhibit "B."

3. List of all counsel, with addresses and telephone numbers, see Exhibit "C."

4. Copy of the Employment File of Defendant Jose Rios Navejar, in English and Spanish, see Exhibit "D."