# Exhibit A

Filed
6/16/2022 1:37 PM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2022CVA000793D4

**IN THE DISTRICT COURT
OF WEBB COUNTY, TEXAS
_____ JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **Ruben Rubio, Jr.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | 2022CVA000793D4 |
| v. | § | Cause No. _____ |
| | § | |
| **Estafeta USA, Inc.,** | § | |
| **Mensajeria Metropolitana S.A. de C.V.,** | § | |
| **and Jose Rios Navejar,** | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Ruben Rubio, Jr., ("Plaintiff"), by and through undersigned counsel, complains of and about Defendants Estafeta USA, Inc., Mensajeria Metropolitana S.A. de C.V., and Jose Rios Navejar (collectively "Defendants") and for causes of action shows unto the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**PARTIES**

2. Plaintiff is an individual who at all times relevant to this lawsuit resided in and was domiciled in Webb County, Texas. Plaintiff's Texas driver's license number is XXXXX325, and his Social Security Number is XXX-XX-X916.

3. Defendant Estafeta USA, Inc. ("Estafeta") is a domestic corporation organized under the laws of the State of Texas. Estafeta's principal place of business is located in the State of Texas. Estafeta may be served with process by serving its registered agent: Christian F. Bruns, 610 West

Alabama Street, Houston, Texas 77006.

4.  Defendant Mensajeria Metropolitana S.A. de C.V. ("Mensajeria") is a foreign corporation organized under the laws of the United Mexican States. Mensajeria's principal place of business is located in Houston, Harris County, Texas. At all times relevant to this lawsuit, Mensajeria was doing business in the State of Texas. Mensajeria does not maintain a registered agent in the State of Texas. Mensajeria may therefore be served via substituted service of the Texas Secretary of State at 1019 Brazos, Room 105, Austin, Texas 78701. Mensajeria's home office is located at 448 Garden Oaks Boulevard, Houston, Texas 77018.

5.  Defendant Jose Rios Navejar ("Navejar") is an individual who at all times relevant to this lawsuit resided in and was domiciled in the United Mexican States. Navejar is a nonresident motor vehicle operator. Navejar may therefore be served via substituted service on Chairman J. Bruce Bugg, Jr., of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 78701-2483. Navejar's last known place of business is 5802 Bob Bullock Loop, Laredo, Texas 78043.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to Article V, Section 8 of the Texas Constitution and Section 24.007 of the Texas Government Code.

7.  This Court has jurisdiction over the nonresident defendants named herein pursuant to Section 17.041, *et seq.*, of the Texas Civil Practice and Remedies Code because said defendants were doing business in the State of Texas.

8.  This Court is an appropriate venue because the incident which forms the basis of this lawsuit occurred in Webb County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## BACKGROUND

9.  On December 8, 2020, Plaintiff was driving his 2008 Cadillac CTS sedan westbound on

the 2100 block of Market Street in Laredo, Webb County, Texas.

10. At the same time, Navejar was driving a 2019 Mercedes-Benz Sprinter van southbound on the 900 block of Malinche Avenue. Navejar was an employee of Estafeta and Mensajeria, and he was operating the van within the course and scope of his employment.

11. Navejar proceeded into the intersection of Market Street and Malinche Avenue, failing to obey a stop sign and failing to yield the right of way to Plaintiff's sedan, which was traveling through the intersection without a stop sign. Navejar's van struck Plaintiff's sedan.

12. As a result of this collision, Plaintiff suffered severe bodily injuries to his neck, chest, and back.

## COUNT 1: NEGLIGENCE AGAINST NAVEJAR

13. Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

14. Navejar was operating a motor vehicle and therefore owed a legal duty to use ordinary care to avoid causing harm to Plaintiff.

15. Navejar breached his duty of care in one or more of the following ways:

   a. Failing to obey a stop sign;

   b. Failing to yield the right of way;

   c. Failing to keep a proper lookout;

   d. Failing to timely apply the brakes; and

   e. Failing to take proper evasive actions to avoid the collision.

16. Each of the aforementioned acts or omissions, taken singularly or in any combination, directly and proximately caused Plaintiff's damages.

## COUNT 2: VICARIOUS LIABILITY AGAINST ESTAFETA

17.Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

18.At the time of the collision, Navejar was employee of Estafeta, was driving for the benefit of Estafeta, and was acting within the course and scope of his employment with Estafeta.

19.According to the doctrine of *respondeat superior*, any liability found against Navejar should be imputed jointly and severally to Estafeta.

## COUNT 3: VICARIOUS LIABILITY AGAINST MENSAJERIA

20.Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

21.At the time of the collision, Navejar was employee of Mensajeria, was driving for the benefit of Mensajeria, and was acting within the course and scope of his employment with Mensajeria.

22.According to the doctrine of *respondeat superior*, any liability found against Navejar should be imputed jointly and severally to Mensajeria.

## COUNT 4: JOINT VENTURE LIABILITY AGAINST ESTAFETA AND MENSAJERIA

23.Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

24.Estafeta and Mensajeria were engaged in a joint venture in which they transported packages from Mexico to the United States for delivery in the State of Texas.

25.Estafeta and Mensajeria agreed to share profits and losses from the joint venture, had a community of interest in the joint venture, and had a mutual right of control over the operations of the joint venture.

26. At the time of the subject collision, Navejar was performing work in furtherance of the joint venture. Any liability found against Navejar should therefore be imputed jointly and severally to Estafeta and to Mensajeria.

## DAMAGES

27. As a producing, direct, and proximate result of Defendants' negligent conduct, Plaintiff suffered the following damages, for which he now seeks recovery:

    a. Past and future medical expenses;

    b. Past and future physical impairment;

    c. Past and future physical pain and suffering; and

    d. Past and future mental anguish.

28. The damages sought by Plaintiff are within the jurisdictional limits of this Court.

29. Plaintiff seeks monetary relief over $1,000,000.00.

## JURY DEMAND

30. Plaintiff hereby requests a trial by jury on all issues of fact in this lawsuit and herewith tenders the jury fee.

## CONDITIONS PRECEDENT

31. All conditions precedent to the institution of this lawsuit have been performed or have occurred.

## PRAYER FOR RELIEF

32. Based upon the foregoing allegations, Plaintiff requests that Defendants be cited to appear and answer and that, upon final trial or other disposition of this matter, the Court enter judgment in favor of Plaintiff and against Defendants for all damages and relief requested herein, together with pre-judgment interest at the maximum legal rate until the date of judgment, post-judgment

interest at the maximum legal rate until the date the judgment is paid, costs of court, and all other relief to which Plaintiff is justly entitled.

                                      Respectfully submitted,

                              By:   */s/ Justin P. Green*
                                      Justin P. Green
                                      State Bar of Texas No. 24087621
                                      justin@thepatelfirm.com
                                      Minesh J. Patel
                                      State Bar of Texas No. 24088194

                                **THE PATEL FIRM PLLC**
                                400 Mann St., Ste. 110
                                Corpus Christi, TX 78401
                                Phone: (361) 400-2036
                                Fax: (361) 756-0737

                                **ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

McKenna Tansey on behalf of Justin Green
Bar No. 24087621
mckenna@thepatelfirm.com
Envelope ID: 65513101
Status as of 6/16/2022 3:05 PM CST

Associated Case Party: Ruben Rubio

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| McKenna Tansey | | mckenna@thepatelfirm.com | 6/16/2022 1:37:43 PM | SENT |
| Justin PaulGreen | | justin@thepatelfirm.com | 6/16/2022 1:37:43 PM | SENT |
| Litigation  E-Service | | litigation@thepatelfirm.com | 6/16/2022 1:37:43 PM | SENT |