Case 5:22-cv-00079   Document 33   Filed 07/03/23 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **RUBEN RUBIO JR.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 5:22-CV-00079** |
| § | |
| **ESTAFETA USA, INC.,** *et al.*, § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM & ORDER

This case stems from a motor vehicle accident that occurred on December 8, 2020 in Laredo, Texas. (Dkt. 1, Attach. 1 at 2.)[1] Plaintiff Ruben Rubio Jr. ("Plaintiff") claims that he was driving his personal sedan westbound on Market Street when Defendant Jose Rios Navejar ("Rios") entered an intersection without stopping at the posted stop sign, failed to yield the right of way to Plaintiff's sedan, and caused a vehicular collision. (*Id.* at 3.) Plaintiff claims that at the time of the accident, Rios was acting in the course and scope of his employment with Defendants Estafeta USA, Inc. ("Estafeta USA") and Mensajeria Metropolitan S.A. de C.V. ("Mensajeria"). (*Id.*)

Plaintiff originally filed suit in state court in Webb County (Dkt. 1, Attach. 1 at 1), but Defendants Mensajeria and Rios (collectively, "Defendants") removed the case to federal court on diversity of citizenship grounds. (Dkt. 1.) The Parties agree that Plaintiff is a citizen of Texas, Mensajeria is a citizen of Mexico, Rios is a citizen of Mexico, and Estafeta USA is a citizen of Texas. (Dkts. 1, 6.) But according to Defendants, Estafeta USA's citizenship can be disregarded

---

[1] Defendants have labeled their sub-filings as "Exhibits." However, the Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries.

because it was improperly joined as a defendant to defeat diversity. (Dkt. 1.) Specifically, Defendants' Notice of Removal argues that Rios was employed by Mensajeria—not Estafeta USA—at the time of the collision. (Dkt. 1 at 2.) Plaintiff's pleadings, according to Defendants, "contain[] actual fraud" because "[t]he pleadings incorrectly state Defendant Rios was an employee of Estafeta USA, Inc. *and* Mensajeria at the time of the incident." (*Id.* at 4.) Additionally, "Defendants have demonstrated there is no reasonable basis to predict Plaintiff might be able to recover against [Estafeta USA] by providing evidence Plaintiff has sued the wrong entity and has no cause of action against the Texas based company." (*Id.* at 5.)

Plaintiff disagrees; according to his Motion to Remand (Dkt. 6), removal was improper because (1) "Rios and Mensajeria did not challenge Plaintiff's joint venture liability claim against Estafeta and (2) [] Rios and Mensajeria failed to meet their burden to establish complete diversity because the records produced do not negate Plaintiff's allegation that Estafeta [USA] was Rios's employer." (Dkt. 6 at 2.) Additionally, Plaintiff objects to the Court considering Rios's purported personnel file, arguing that it has not been properly authenticated. (Dkt. 6 at 6.) But, even if the Court were to consider this document, Plaintiff argues that "[a]t most, the alleged personnel file provides circumstantial evidence that Mensajeria was <u>not</u> Rios's <u>exclusive</u> employer" because it "does not prove which entity had control over his work." (Dkt. 6 at 7) (emphasis in original).[2] According to Plaintiff, "[i]f Rios and Mensajeria cannot produce evidence to prove which principal controlled Rios's work, then they cannot negate Plaintiff's allegation that Estafeta [USA] was

---

[2] Plaintiff points out that the "wage agreement" in the purported personnel file identified "Estafeta Servicios" as the entity that employed Rios, and that Rios's performance evaluations were conducted as an employee of multiple entities, including "Estafeta Mexicana" and "Estafeta Servicios." (Dkt. 6 at 7.) The file also states that Mensajeria provided Rios with uniforms and equipment. (*Id.*)

Rios's employer, especially when the 'Estafeta' imprimatur is featured so prominently in the documents they have produced." (Dkt. 6 at 7.)

For the reasons discussed below, the Court agrees with Plaintiff and finds that Estafeta USA is a proper party to this suit. Thus, the Court lacks subject matter jurisdiction, and Plaintiff's Motion to Remand (Dkt. 6) must be GRANTED.

## Discussion

### A. Jurisdiction

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citation omitted). Here, Plaintiff does not dispute that the amount in controversy exceeds $75,000 as he seeks more than $1,000,000 in damages. (Dkt. 1, Attach. 1 at 5.) Plaintiff also does not dispute that his citizenship differs from Defendants Rios and Mensajeria. (*Id.* at 2.) Thus, the only question for the Court is whether Estafeta USA, who shares Texas citizenship with Plaintiff, is improperly joined. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (explaining that a non-diverse defendant's citizenship may be disregarded if that defendant was improperly joined).

### B. Improper Joinder

#### 1. Legal Standard

There are two ways to establish improper joinder. First, a party is improperly joined if there has been "actual fraud in the pleading of jurisdictional facts." *D & J Invs. of Cenla, L.L.C. v. Baker Hughes a G E Co.*, 52 F.4th 187, 195 (5th Cir. 2022) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Second, a party is improperly joined if there is no possibility that the plaintiff could "establish a cause of action against the non-diverse party in state

court." *Id.* In other words, the removing party must show that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

In cases of improper joinder, jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal." *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020) (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). However, "this does not mean that the plaintiff cannot provide additional factual allegations to support those claims." *Bukowski v. Liberty Ins. Corp.*, 2022 WL 1625173, at *5 (W.D. Tex. May 20, 2022) (noting that while plaintiffs cannot change a claim in order to secure a viable claim against a nondiverse defendant, they can nevertheless provide additional facts to support the claims asserted pre-removal); *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013), *abrogated on other grounds Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016) ("post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded"); *Mills Grp. Ltd. v. Oceanografia, S.A. de C.V.*, 2009 WL 3756931, at *2 (S.D. Tex. Nov. 6, 2009) (holding that plaintiff's amended complaint, which contained factual allegations "sufficient to avoid an improper joinder argument" could be considered in determining jurisdiction). The removing party bears the "heavy burden" of demonstrating improper joinder. *Smallwood*, 385 F.3d at 574.

**2. Analysis**

    **i.    Defendants have not shown "actual fraud" in the pleading of jurisdictional facts.**

Defendants argue that Plaintiff's petition contains "actual fraud in the pleading of jurisdictional facts" because the "pleadings incorrectly state Defendant Rios was an employee of

Estafeta USA, Inc." (Dkt. 1 at 4.) However, not every plead fact is considered jurisdictional. A jurisdictional fact is one that must exist for a court to properly exercise its jurisdiction over a case, party, or thing. *See Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. 2009) (looking to the plain meaning and common usage of "actual fraud" and "jurisdictional fact" to conclude that the first test for improper joinder requires concealing or knowingly making a false representation regarding facts that must exist for the court to exercise jurisdiction over a matter, such as citizenship or amount in controversy). As this case has been removed to the Court on the basis of diversity jurisdiction, Defendants must therefore show that Plaintiff has either made fraudulent representations regarding the citizenship of the party at issue or as to the amount in controversy. *Brown v. Wright Nat'l Flood Ins. Co.*, 2021 WL 2934730, at *4 (5th Cir. 2021) (referring to diversity of citizenship and the amount in controversy requirement as "jurisdictional facts"); *Destino Energy LLC v. LRH Energy Cap. LLC*, 2022 WL 545078, at *2 (S.D. Tex. Jan. 27, 2022), *R. & R. adopted*, 2022 WL 540947 (S.D. Tex. Feb. 22, 2022) (identifying where there was no dispute as to the citizenship of each party that there was no fraudulently alleged jurisdictional fact); *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. Jul. 6, 2009) (noting that in a removal case based on diversity, jurisdictional facts are the citizenship of the parties or the amount in controversy); *see* 2 James Moore et al., *Moore's Federal Practice: Civil* § 12.30 (2023) (defining complete diversity of citizenship and the minimum amount in controversy as the "jurisdictional requirements" of a diversity case).

Here, Plaintiff acknowledges, and Defendants agree, that Estafeta USA is a citizen of Texas. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (focusing on the second prong of the improper joinder standard where the parties agreed on the citizenship of the allegedly fraudulently joined defendant). Defendants also do not dispute that Plaintiff's claim exceeds the jurisdictional

amount. Defendants' argument is purely that Plaintiff has made fraudulent representations regarding Estafeta USA's relationship to Rios. However, this does not amount to a fraudulent representation regarding a *jurisdictional* fact. *See Arias v. Zachry LLC*, 532 F. Supp. 3d 473, 476 (S.D. Tex. Mar. 31, 2021) ("*Actual fraud* in this regard requires the movant to show that the plaintiff has concealed or knowingly made false representations regarding a party's citizenship or the amount in controversy"). Thus, regardless of whether Defendants' argument would ultimately hold merit, this is not the type of fraud that would satisfy the test for improper joinder. *See, e.g. Harwin Braxton Ctr. Inc v. AmGuard Ins. Co.*, 2020 WL 13539146, at *2 (S.D. Tex. Feb. 18, 2020) (finding no assertion of "actual fraud" where there was no false representations regarding a party's citizenship or the amount in controversy"); *Coffman v. Dole Fresh Fruit Co.*, 927 F. Supp. 2d 427, 435 (E.D. Tex. Feb. 26, 2013) (finding that "actual fraud in the jurisdictional facts" refers to an intentional concealment of the citizenship of the allegedly improperly joined party to induce a defendant to "rely upon that statement to conclude it was unable to remove"); 2 Cyc. of Fed. Proc. *Fraudulent Joinder* § 3:76 at n.4 (2023) (describing "actual fraud" as "a plaintiff colluding with a nondiverse defendant to defeat removal").[3]

### ii. There is a reasonable basis to predict that Plaintiff can establish a claim against Estafeta USA in state court.

Next, the Court considers whether there has been improper joinder under Defendants' argument that there is no reasonable basis to predict that Plaintiff might be able establish a cause

---

[3] The Court briefly notes that our sister courts in the Western District of Texas have also found that jurisdictional facts in diversity cases "can encompass other facts proximately leading to jurisdictional concerns." *Ramirez v. Scottsdale Ins. Co.*, 2015 WL 13134502, at *2 (W.D. Tex. Sept. 30, 2015) (citing *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F. Supp. 2d 901, 907 (W.D. Tex. 2005)). This includes "false allegations that establish a putative party as a strawman to defeat jurisdiction." *Id.* (internal quotations omitted). In this case, Defendants have failed to make a plausible allegation that Estafeta USA was fraudulently added as a "strawman" to deprive this

of action against Estafeta USA in state court. *Smallwood*, 385 F.3d at 573. In making this determination, the Court conducts a "Rule 12(b)(6)-type analysis," and ordinarily, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. However, it is Defendants' burden—not Plaintiff's—to establish that federal jurisdiction exists and that removal was proper. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d , 537 (5th Cir. 2017) ("the burden of establishing federal jurisdiction rests on the party seeking the federal forum") (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001)). Part of this burden is to file a notice of removal containing a "short and plain statement of the grounds for removal," because this notice serves as "a pleading of the facts necessary to vest jurisdiction in the federal court." *DeLong v. car2go NA, LLC*, 2019 WL 3423442, at *1 (W.D. Tex. July 30, 2019) (citing 28 U.S.C. § 1446(a)); *Rachel v. Georgia*, 342 F.2d 336, 340 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966)). Thus, Defendants must include in their notice of removal "a plausible allegation of the facts necessary to support federal jurisdiction." *Id.* (internal quotations omitted).

Plaintiff makes two claims against Estafeta USA. First, Plaintiff claims that Estafeta USA is vicariously liable for Rios's negligence, as Rios was an employee of Estafeta USA. (Dkt. 1, Attach. 1 at 6.) Second, Plaintiff claims that Estafeta USA and Mensajeria were engaged in a joint venture at the time of the accident, sharing profits and losses from the venture with a community of interest, and that Rios was performing work in furtherance of the joint venture. (Dkt. 1, Attach 1, at 6–7.) Because of this, Plaintiff argues that both Mensajeria and Estafeta USA should be jointly and severally liable to Plaintiff. (*Id.*)

---

Court of jurisdiction because, as noted below, Plaintiff has pled a plausible claim against Estafeta USA in state court. *See infra* at 9.

Defendants allege in their Notice of Removal that Rios was not working for Estafeta USA at the time of the accident, which goes to Plaintiff's claim of vicarious liability.[4] *See* (Dkt. 1 at 2.) However, Defendants failed to address Plaintiff's claim against Estafeta USA under the theory of joint venture liability—a claim with no bearing on whether Estafeta USA was Rios's employer—in their Notice of Removal.[5] *See* (Dkt. 1.) Even construed liberally, at best it is ambiguous whether Defendants' Notice of Removal was intended to address Plaintiff's joint venture claim and such ambiguities should be "strictly construed in favor of remand." *See Settlement Funding, L.L.C.*, 851 F.3d at 536. Instead, this argument was clearly presented for the first time in Defendants' Response to Plaintiff's Motion to Remand.[6] (Dkt. 11 at 2.) Because this argument appears for the first time in this Response (Dkt. 11) and not in the Notice of Removal (Dkt. 1), it has been waived. *SCD Mem'l Place II, LLC v. Landmark Am. Ins. Co.*, 2019 WL 7900459, at *4 (S.D. Tex. Dec. 19, 2019), *R. & R.*, 2020 WL 641719 (S.D. Tex. Feb. 11, 2020) (finding that an argument that would

---

[4] In his Motion to Remand (Dkt. 6) and his Reply to the Motion to Remand (Dkt. 12), Plaintiff argues that the Court should not consider Rios's purported personnel file because it has not been properly authenticated and because the affidavit proffered by Defendants fails to establish that Rios was exclusively employed by Defendant Mensajeria. However, as Defendants' removal action fails as a matter of law, the Court need not consider this additional evidence nor evaluate its admissibility at this juncture. *See Liszt v. Karen Kane, Inc.*, 2001 WL 739076, at *4 (N.D. Tex. June 26, 2001) ("Often, challenged items of evidence will not affect the court's determination of the issues, and a resolution of admissibility will be unnecessary.").

[5] Under Texas law, a joint enterprise, also called a joint venture, "signifies a legal relationship between two or more parties that imposes the responsibility upon each joint venturer for the negligent acts of the other while acting in furtherance of their common undertaking." *Aluminum Chemicals (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 67 (Tex. App.—Texarkana 2000) (citing *Shoemaker v. Estate of Whistler,* 513 S.W.2d 10, 14 (Tex. 1974)). In other words, "[w]here a joint enterprise is found to exist, the tortious act of one member of the enterprise may be vicariously imposed on the other members of the enterprise." *Sanchez v. Swift Transportation Co. of Ariz., LLC*, 2016 WL 10587127, at *4 (W.D. Tex. Oct. 4, 2016) (citing *Shoemaker*, 513 S.W.2d at *5). The elements of a joint venture are an "agreement, a common purpose, a community of pecuniary interest, and an equal right of control." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 451 (Tex. 2008) (citations omitted).

[6] This Response (Dkt. 11) was filed on September 30, 2022, past the thirty-day removal deadline.

8 / 10

sever a nondiverse party must be made in the notice of removal, and that the defendant waived the argument by raising it for the first time in response to the motion to remand); *Hasbun v. Pan American Life Ins. Group*, 2014 WL 12599397 *3 (S.D. Tex. Mar. 28, 2014) (finding that the defendants' improper joinder argument was not appropriately before the court where it was not mentioned as a basis for removal in their notice of removal); *Delong*, 2019 WL 3423442 at *1 ("The Court need not resolve the merits of car2go's new improper-joinder argument because the company waived that argument by not raising it in its notice of removal"); *see Cormier v. Chet Morrison Contractors, LLC*, 85 F. Supp. 3d 880, 884 (S.D. Tex. Feb. 6, 2015) (citing *Hinojosa v. Perez,* 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) (Kazen, J.)) ("While removal notices are to be construed with some liberality, Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal."); *Hinajosa,* 214 F.Supp. 2d at 707 ("It would be a substantial injustice to allow Defendants to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground").

Defendants have therefore failed to demonstrate that there is no reasonable basis to predict that Plaintiff could sustain a cause of action against Estafeta USA in state court for joint venture liability.[7]

## Conclusion

Because Defendants have failed to show that Plaintiff improperly joined Estafeta USA as a party to this suit, the Court finds that complete diversity does not exist between the properly

---

[7] As the Court has determined that Estafeta USA has not been improperly joined under a theory of joint venture liability, it need not consider whether Plaintiff has sufficiently pled a claim of vicarious liability against Estafeta USA. Accordingly, the Court declines to pierce the pleadings and conduct a summary inquiry into this claim.

9 / 10

joined parties and that the Court lacks subject matter jurisdiction to hear this case. Accordingly, Plaintiff's Motion to Remand (Dkt. 6) is GRANTED and the case is hereby REMANDED to the 406th Judicial Court of Webb County, Texas. The Clerk of the Court is DIRECTED to TERMINATE this case and any pending motions.

    IT IS SO ORDERED.

    SIGNED this July 3, 2023.

Diana Saldaña
United States District Judge